UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER L. BROWN,<br>    Plaintiff, | |
| v. | No. 3:15-cv-01657(VAB) |
| RAWLINGS FINANCIAL SERVICES, LLC<br>AETNA, INC. AND WILLIAM W.<br>BACKUS HOSPITAL,<br>    Defendants. | |

## RULING ON MOTION TO DISMISS

### I.   INTRODUCTION

Plaintiff, Jennifer L. Brown, sued Defendants, The Rawlings Company, LLC (improperly named Rawlings Financial Services, LLC in the state court action, hereinafter "Rawlings"), Aetna, Inc. and William W. Backus Hospital, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1331 *et seq*.  Brown's Complaint has three counts, each of them alleging an identical violation of ERISA's disclosure requirement, 29 U.S.C. 1132(c), on the part of one of the three defendants.  Compl. Counts 1-3, ¶¶1-16, ECF No. 1-1.

Ms. Brown initially brought her case in Connecticut Superior Court and Rawlings removed the case to this Court.  All of the defendants then filed a motion to dismiss for failure to state a claim.  For the reasons that follow, the motion is **GRANTED**.

### II.   FACTUAL ALLEGATIONS

Ms. Brown is a participant in the Benefit Plan (the "Plan"), which provides healthcare benefits to employees of Backus Hospital.  Compl., Ct. 1, ¶4.  In 2012, Ms. Brown filed a lawsuit for injuries arising out of a motor vehicle accident that occurred in 2010.  Compl. Cts. 1-

3, ¶3.  After Ms. Brown initiated this lawsuit, Rawlings sent Ms. Brown a notice of subrogation interest/health insurance lien for payment of certain medical expenses relating to the 2010 accident.  *Id.* at ¶¶7-8.

Ms. Brown, through her counsel, sent a request to Rawlings for Plan information on Dec. 13, 2012.  *Id.* at ¶5.  Ms. Brown sent two additional requests for Plan information to Rawlings, on June 13, 2013 and July 8, 2014.  *Id.* at ¶¶5-6.  On January 15, 2015, Rawlings responded in part to Ms. Brown's request.  *Id.* at ¶¶10-11.  Rawlings provided a complete copy of the Plan documents on February 17, 2015.  *Id.*

Ms. Brown alleges that Rawlings violated ERISA's disclosure requirement, which makes any "plan administrator" who fails or refuses to respond to a request from plan participants or beneficiaries about their health plan personally liable for statutory damages.  29 U.S.C. § 1132(c)(1); Compl. Ct. 1, ¶16.  She claims that the remaining defendants are similarly liable because Rawlings was acting as an agent, servant or employee of these defendants.  *Id.* at Cts. 1-3, ¶5.

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party, *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007), and generally may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

ERISA gives benefit plan participants a cause of action for failure to respond to requests for information, but does not provide a statute of limitations for such claims. 29 U.S.C § 1132(a)(1)(A); *Harless v. Research Inst. of Am.*, 1 F. Supp. 2d 235, 239 (S.D.N.Y. 1998). For this reason, the Court should apply the most analogous state statute of limitations from the state in which the court sits. *Miles v. New York State Teamsters Conference*, 698 F.2d 593, 598 (2d Cir. 1983) ("As ERISA does not prescribe a limitations period for actions under §1132, the controlling limitations period is that specified in the most nearly analogous state limitations statute"). The parties disagree about the appropriate state statute of limitations that the Court should apply in this case.

## IV.     DISCUSSION

Ms. Brown seeks penalties against the Plan's Administrator under ERISA § 502(c) ("Section 502(c)"), 29 U.S.C. § 1132(c)(1), which provides for penalties of up to $110 per day to punish plan administrators for failing to comply with a plan participant's request for certain plan documents within thirty days.[1] Defendants oppose Ms. Brown's claims on the merits and argue that her claims are time-barred.

---

[1] Both the original statutory language and Ms. Brown's complaint reference a maximum penalty of $100 per day. This amount was increased by regulation to $110 per day, however, for violations occurring after July 29, 1997. *See* 29 C.F.R. § 2575.502c-1.

Defendants argue that the statute of limitations for a violation of ERISA's disclosure requirements should be one year. Defendants claim that Section 502(c) is most closely analogous to a civil penalty and that this Court should apply Conn. Gen Stat § 52-585, which imposes a one year statute of limitations for actions for "forfeiture upon any penal statute," to this claim. Def.'s Mem. Supp. Mot. Dismiss, ECF No. 31-1 at 7. Plaintiff argues that Section 502(c)(1) provides for an individual remedy for a private wrong, rather than a penalty or forfeiture. Pl.'s Mem. Objection Mot. Dismiss, ECF No. 34-1 at 6. Accordingly, Ms. Brown urges this Court to apply Connecticut's six year statute of limitations for breach of contract to this action. *Id.* The Court disagrees.

Ms. Brown allegedly requested documents from Backus Hospital on Dec. 13, 2012, June 13, 2013, and July 8, 2014. Assuming her allegations to be true, her cause of action under Section 502(c) accrued on August 7, 2014, thirty days after her most recent request. If the Court applied the one year statute of limitations suggested by the defendants, Ms. Brown's cause of action would have expired on August 7, 2015. This case commenced on Oct. 15, 2015. *See Rocco v. Garrison*, 848 A.2d 352, 360 (Conn. 2004) ("In Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant."). Ms. Brown does not challenge defendants' suggestion that her claim would be time-barred if the Court applied a one year statute of limitations, but urges the Court to apply the six-year statute of limitations for breach of contract actions instead.

Circuit courts assess Section 502(c) differently in determining the appropriate statute of limitations. *St. Alexius Med. Ctr. v. Roofers' Unions Welfare Tr.*, No. 14-8890, 2015 U.S. Dist. LEXIS 114343 at *12 (N.D. Ill. Aug. 28, 2015) ("Currently no consensus exists among the federal appellate courts regarding which statute of limitations is proper for statutory penalties under ERISA."). The Third, Fourth, and Eighth Circuits have held that a claim for statutory

penalties under ERISA is "penal" in nature and have applied the state statute of limitations for penalties. *See Iverson v. Ingersoll-Rand. Co.*, 125 Fed. App'x 73, 76-77 (8th Cir. 2004) ("the district court properly found section 502(c)(1) to be a statutory penalty scheme and selected the proper North Dakota statute of limitations"); *Pressley v. Tupperware Long-Term Disability Plan*, 553 F.3d 334, 337-39 (4th Cir. 2009) (holding that the language of the state statute limiting actions for "'penalty or forfeiture when the action is given to the party aggrieved' … fits precisely with a claim for penalties … for failure to respond to a request for information, because such claim is given to the requesting 'participant or beneficiary,' i.e., 'the party aggrieved'"); *Groves v. Modified Ret. Plan*, 803 F.2d 109, 117 (3d Cir. 1986) ("Though it is a very close question, we believe that § 502(c)'s imposition of personal liability on plan administrators is a penal provision").[2]

In *Stone*, which the plaintiff cites, the Ninth Circuit followed a different approach, holding that Section 502(c) provided for compensation for a private wrong, rather than a penalty, and applying California's statute of limitations for non-penal statutory violations. *See Stone v. Travelers Corp.*, 58 F.3d 434, 438 (9th Cir. 1995) (applying California's statute of limitations for an "action upon a liability created by statute, other than a penalty or forfeiture.").[3]

---

[2] In *Leister v. Dovetail, Inc.*, 546 F.3d 875 (7th Cir. 2008), which plaintiff cites, the Seventh Circuit held that the state statute of limitations for breach of contract would apply to plaintiff's claim to recover plan benefits. *Id.* at 880. The *Leister* court acknowledged that a different statute of limitations would apply to a claim for statutory penalties, making plaintiff's citation less instructive. *See id.* ("Actually, there are also the statutory penalties that she is suing to obtain, but as to them no statute of limitations defense is pleaded, though it could have been.") Indeed, in other cases, the Seventh Circuit has implied a similar conclusion without squarely addressing the issue. *See Anderson v. Flexel, Inc.*, 47 F.3d 243, 247 (7th Cir. 1995) ("While we might be inclined to find that the two-year statute of limitations for statutory penalties applies to § 1132(c) claims, our inclination does not matter because Flexel has waived this argument."); *Mondry v. American Family Mutual Insurance Co.*, 557 F.3d 781, 806 (7th Cir. 2009) ("[T]he purpose of [Section 502(c)] is to induce the plan administrator to comply with the statutory mandate rather than to compensate the plan participant for any injury she suffered as a result of non-compliance.")

[3] Significantly, in deciding on the applicable statute of limitations under California law, the Ninth Circuit in *Stone* did not adopt the statute of limitations for breach of contracts actions, but instead adopted the statute of limitations period for "an action upon a liability created by statute, other than a penalty or forfeiture." *See Stone*, 58 F.3d at 438 (citing Cal. Code Civ. Proc. Section § 338(a)). As even Ms. Brown has conceded, the most analogous statute of limitations period is the limitations period for breach of contract actions. While this difference between California law and Connecticut law does not alter the legal analysis of whether Section 502(c) is penal in nature, it does

As both parties acknowledge, courts in this Circuit have also applied the limitations period for statutory penalties to Section 502(c) claims. *See Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, No. 06-2065, 2008 U.S. Dist. LEXIS 41208, *23-23 (D. Conn., May 27, 2008) (finding that Connecticut's one year limitations period for actions to recover civil statutory penalties applied to Tritt's Section 502(c) claims); *Harless*, 1 F. Supp. 2d at 240 (also applying G.S.A. § 52-585). *See also Leonelli v. Pennwalt Corp.*, 1988 U.S. Dist. LEXIS 11455, *16 (N.D.N.Y. 1988), *aff'd in relevant part, rev'd in part* 887 F.2d 1195 (2d Cir. 1989) ("[Section] 1132(c) liability is a creature of statute as opposed to liability based on contract or tort."). The Second Circuit has not spoken directly on the issue.

The legislative history of Section 502(c) suggests that Congress intended to create a penalty that would further the legislation's broader goal of protecting the beneficiaries of employee benefits plans. Congress enacted ERISA's disclosure requirements to guarantee a covered party's access to information about his or her benefits plan. *See Firestone Tire & Rubber Co. v. Bruch*, 109 S. Ct. 948, 958 (1989), citing H. R. Rep. No. 93-533 at 11 (1973) (noting that Congress's purpose in enacting the ERISA disclosure provisions "was to ensur[e] that an individual knew 'exactly where he stands' with respect to his benefits plan").

Additionally, Congress recognized that the disclosure requirements and related penalties would promote better plan management. By holding fiduciaries accountable as they managed pension and health plans, Section 502(c) would guarantee that "participants and beneficiaries [would] be armed with enough information to enforce their own rights." H. Rep. No. 93-533 at 11 (explaining that the "safeguarding effect of the fiduciary responsibility section will operate efficiently only if fiduciaries are aware that the details of their dealings will be open to

---

suggest that the Ninth Circuit's ruling in *Stone* may be inapposite because that court did not have to address the issue of whether the statute of limitations period for breach of contracts actions was the most analogous statute of limitations period.

inspection."); *see also Halo v. Yale Health Plan*, 49 F. Supp. 3d 240, 271 (D. Conn. 2014), *rev'd in part on other grounds*, 546 Fed. App'x 2, 5 (2d Cir. 2013) ("Congress fastened a civil penalty [to ERISA's disclosure requirements] in order to incentivize plan administrators and other fiduciaries to disclose information sought by a claimant or other plan participant.")  The penalties embodied in Section 502(c) thus encourage both information sharing and proper plan management.

Plaintiff suggests that the Court separately consider the penal nature of subsection 502(c)(1), rather than analyzing Section 502(c) as a whole.  Section 502(c) lays out a variety of sanctions for plan administrators who fail to respond to requests for information within thirty days.  Subsection 502(c)(2) allows the Secretary to assess a civil penalty against any plan administrator who fails to supply requested information.  Subsection 502(c)(1), at issue here, makes a plan administrator "personally liable" to benefit plan beneficiaries for violations of his or her duty to provide requested documents.

Even when analyzed independently, however, subsection 502(c)(1) is most analogous to a civil penalty and merits the use of Connecticut's statute of limitations for statutory penalties. Subsection 502(c)(1) imposes personal liability on plan administrators for non-compliance, but does not require beneficiaries to show any prejudice from an administrator's violation to be entitled to damages, leaving the matter entirely to "the court's discretion."  29 U.S.C. § 1132(c)(1); *Tritt*, 2008 U.S. Dist. LEXIS at *24.  In this way, Section 502(c)'s private right of action works to further incentivize information sharing, rather than compensate the plaintiff for harm.  *See Tritt*, 2008 U.S. Dist. LEXIS *24-*25 ("Section 502(c)'s remedy is intended primarily to punish the plan administrator for non-compliance rather than to compensate the plaintiff for demonstrated harm"); *Harless*, 1 F. Supp. 2d at 240 ("[T]he threat of personal liability was imposed primarily because of the effect it would have on a plan administrator-

inducing him to comply with the statute—and only secondarily, if at all, out of a desire to make participants whole.") (citing *Groves*, 803 F.2d at 117).

Additionally, when determining penalties under subsection 502(c)(1), courts in this Circuit look at various factors, including "bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant or beneficiary." *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 90 (2d Cir. 2001) (quoting *Pagovich v. Moskowitz,* 865 F. Supp. 130, 137 (S.D.N.Y. 1994)). Indeed, the "conduct of the plan administrator" is "at least equally significant" as prejudice to the plaintiff. *Kascewicz v. Citibank, N.A..,* 837 F. Supp. 1312, 1322 (S.D.N.Y. 1993). *See also Pagovich*, 865 F. Supp. at 137 ("[L]ack of prejudice is not a barrier to the imposition of penalties.").

As a result, despite the fact that the legislature did not include the phrase "civil penalty" in subsection 502(c)(1), the language of the statute, as well as its treatment in the courts, suggests that it is penal in nature. The application of Conn. Gen. Stat. § 52-585, rather than the longer limitations period for breach of contract actions, to Ms. Brown's complaint then is appropriate, given the policies underlying ERISA's disclosure penalties.

Having determined that Conn. Gen. Stat. § 52-585's one year statute of limitations should apply to the facts alleged in Ms. Brown's complaint, the Court concludes that all of her claims are time-barred. Ms. Brown's cause of action expired on August 7, 2015, several months before her complaint was filed.

## V.  CONCLUSION

Defendant's Motion to Dismiss (ECF No. 31) is GRANTED. SO ORDERED at Bridgeport, Connecticut this 30th day of September, 2016.

/s/ Victor A. Bolden

                                                  VICTOR A. BOLDEN
                                                  UNITED STATES DISTRICT JUDGE

Case 3:15-cv-01657-VAB   Document 48   Filed 09/30/16   Page 9 of 9